Joseph **SIMKO**, Plaintiff–Appellant,

Marco Intravaia, Frank Cioffi, Joseph Dimino, and Carmine Faradella, Plaintiffs,

v.

The **TOWN OF HIGHLANDS**, Animal Control Officer Lynae Mesaris, officially and in her individual capacity, Defendants–Appellees.

No. 06–5369–cv.

United States Court of Appeals, Second Circuit.

May 1, 2008.

---

**2.** We note that Zheng does not claim to be a Falun Gong practitioner.

Marshall A. Mintz, Mintz & Oppenheim LLP, New York, NY, for Appellant.

Paul E. Svensson, Cynthia Dolan, Boeggeman, George & Corde PC, White Plains, NY, for Appellees.

PRESENT: Hon. RALPH K. WINTER, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant appeals from a judgment of the district court granting defendants-appellees' motion for summary judgment. We assume the parties' and counsel's familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

The plaintiff-appellant argues primarily that the district court incorrectly concluded that the defendants' initial, warrantless entry onto the Simko property was a reasonable search.

We agree with the district court that the area searched was not within the curtilage of Simko's home. We have explained that "the extent of the curtilage is determined by factors that bear upon whether an individual reasonably may expect that the area in question should be treated as the home itself[:] 1) the proximity of the area claimed to be curtilage to the home; 2) whether the area is included within an enclosure surrounding the home; 3) the nature of the uses to which the area is put; and 4) the steps taken by the resident to protect the area from observation by people passing by." *United States v. Reilly*, 76 F.3d 1271, 1276 (2d Cir.1996) (quoting *United States v. Dunn*, 480 U.S. 294, 300–301, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987)) (internal quotation marks omitted). "The[se] factors are not necessarily exclusive and [ ] we are not, in any event, to apply them mechanically.... Rather, these factors are useful analytical tools only to the degree that, in any given case, they bear upon the centrally relevant consideration—whether the area in question is so intimately tied to the home itself that it should be placed under the home's 'um-

brella' of Fourth Amendment protection."
*Reilly,* 76 F.3d at 1276.

Even if we accept the plaintiff-appellant's assertion that the property was enclosed by trees, bushes, and stumps, evidence in the record suggests that these did not significantly limit access to or visibility of the shed from neighboring properties. More importantly, the shed was clearly a structure meant for dogs and not for intimate human activity, and the proximity of an overflowing "poop pit" strongly suggests that the area surrounding the shed would be unattractive to private home activities. Finally, photographs of the shed and surrounding area, as well as the ability of Ms. Mesaris and the police to access that area with minimal effort, indicate the relatively open exposure of the area to neighboring properties, if not the public at large. Taking these factors as a whole, the district court correctly concluded that the shed and surrounding area was not within the curtilage of Simko's home and not entitled to a heightened expectation of privacy. Therefore, and particularly in light of the state's interest in regulating the conditions in which dogs are housed, *see, e.g.,* New York Agriculture and Markets Law § 353–b, the warrantless search did not violate plaintiffs' Fourth Amendment rights.

For substantially the same reasons given by the district court, we also find plaintiffs' due process claim to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.